RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK, ESQ.
JULIE A. CVEK, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                         Chapter 11

HERITAGE GABLES ASSOCIATES I, LLC,    Case No.

                         Debtor.
-------------------------------------------------------------X

## DECLARATION OF MARK IANNONE
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK         )
                                     ) ss.:
COUNTY OF WESTCHESTER   )

**MARK A. IANNONE**, being duly sworn, deposes and says:

1.     I am the sole member and shareholder of Heritage Gables Associates I, LLC (the "Debtor"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2.     I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

3. The Debtor is a single asset real estate entity formed in 2009 for the purpose of owning and operating a multi-family residential building, that is domiciled on a 40,468 square foot site, located at the southeast intersection of 32nd Street and 41st Avenue, with an address of 4001 32nd Avenue, City of Gulfport, County of Harrison, State of Mississippi, commonly referred to as the Gables (the "Property" or the "Gables"). The Property is comprised of a single two story building, containing twenty-two three bedroom residential units with net rentable area of 1,081 square feet each.

4. The Debtor believes that the Property has an approximate fair market value of $2,000,000.00. The Property is subject to a first priority secured mortgage in the approximate amount of $1,425,000.00 held by Pike National Bank ("Pike").

5. On January 17, 2008 Pike granted the Debtor a loan (the "Loan") in the amount of $1,416,000 secured by a first Deed of Trust for the purpose of financing the acquisition of the Property. The original maturity date was February 17, 2009. Subsequently, Pike modified and extended the Loan on June 29, 2009. The Loan amount was increased to $1,425,000 in order to cover a portion of closing costs, and the term of the Loan was extended for one year making the new maturity date of the Loan January 6, 2010.

6. Although the Loan with Pike was to expire on January 6, 2010, upon information and belief, the Debtor believes that there was an accord and satisfaction of extension of the maturity date to June 25, 2011 by virtue of Pike tendering a mortgage modification agreement to the Debtor, and the Debtor paying to Pike $8,900 in consideration for the modification.

7. The Property was developed in the spring of 2008 for the purpose of providing housing to moderate income families displaced as a result of Hurricane Katrina. Initially, the

Property experienced occupancy as high as 20 units or 91 percent occupancy. However, in January 2010, the occupancy dropped to a low of 8 units (36 percent occupancy). The severe drop in occupancy between 2008 and 2010 was a result of the national and local economy (which was just emerging from the devastation of Hurricane Katrina) being in one of the deepest and longest recessions in history, in addition to the possible mismanagement and/or the misappropriation of revenues by two separate local managing agents that had previously managed the Property.

8. In April of 2010, the Debtor was able to rent 10 additional units; however 4 tenants failed to make first rent payments. After evicting nonpaying and disruptive tenants, the Property is currently occupied by 14 tenants: 6 tenants are low income "Section 8" tenants, and the other 8 tenants are market rate tenants. With respect to the remaining 8 vacant units, 5 units are ready for renters and the other 3 are being prepared for rental.

9. Since the Property is located in close proximity to the Gulf of Mexico and the recent oil catastrophe, the Debtor has been approached by British Petroleum ("<u>BP</u>") and its sub-contractors which are looking for rental housing for its clean up crews that are just starting to migrate into the Mississippi Gulf area. The Debtor believes that over the upcoming months, it will be able to increase occupancy of the Property as a result of: (i) the demand of units by BP and or its contract help, (ii) increase in unit demand as more of the general housing stock is leased up by BP contractors, (iii) the release of the new "Section 8" vouchers by HUD in June of 2010, (iv) the recovery in the Gaming industry which is as a vital economic generator to the Biloxi/Gulfport market, and (v) the population and job growth resulting from the $600 million expansion of the Port of Gulfport, the third largest deepwater port in the Gulf of Mexico, which is located approximately 2 miles from the Property, which is estimated over a 10 year period to

create approximately 6,400 direct maritime jobs and 8,400 induced jobs.

10. By this Chapter 11 filing, the Debtor hopes to restructure its mortgage obligations with Pike either through a consensual or otherwise confirmed chapter 11 plan, or refinance the mortgage with Pike or with another lender so that the debt service could be supported by the rental income from the Property.

**Local Rule 1007-2(a)(2)**

11. This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

12. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

13. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in § 101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

14. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

15. A summary of the Debtor's assets and liabilities is annexed as **Schedule III**.

**Local Rule 1007-2(a)(7)**

16. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

17. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

18. The Debtor operates from 4001 32nd Avenue, Gulfport, Mississippi 39501.

**Local Rule 1007-2(a)(10)**

19. The Debtor's substantial assets are located at 4001 32nd Avenue, Gulfport, Mississippi 39503 and its books and records are located at 199 Main Street, White Plains, New York 10601.

**Local Rule 1007-2(a)(11)**

20. There are no lawsuits or legal proceedings pending against the Debtor.

**Local Rule 1007-2(a)(12)**

21. The Debtor is currently managed by Rain Residential, Inc.

**Local Rule 1007-2(b)(1)**

22. The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(2)**

23. The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

24. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## INFORMATION REQUIRED BY BANKRUPTCY CODE §1116(1)(A)

25. The Debtor's most recent balance sheet is annexed hereto as **Schedule III.**

26. The Debtor's most recent profit and loss statement is annexed hereto as **Schedule V.**

27. The Debtor's most recent cash-flow statement is annexed hereto as **Schedule V.**

28. The Debtor has not filed its 2009 tax return and is current on extension to file its 2009 tax return.

## CONCLUSION

29. The Debtor believes it is in the best interests of all of it creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

30. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

31. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Mark A. Iannone*
Mark A. Iannone, Member

Sworn to before me this
5th day of August, 2010

*/s/ Julie A. Cvek*
Notary Public

**SCHEDULE I**

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re **Heritage Gables Associates I, LLC**    Case No. **10-23611**
                                    Debtor(s)  Chapter **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| All Safe Technologies<br>517 North Baylen St<br>Pensacola, FL 32501 | All Safe Technologies<br>517 North Baylen St<br>Pensacola, FL 32501 | Trade debt | | 279.43 |
| City of Gulfport - Water<br>PO Box 22564<br>Jackson, MS 39225 | City of Gulfport - Water<br>PO Box 22564<br>Jackson, MS 39225 | Water | | 60.00 |
| David V. Larosa, Sr<br>Tax Collector<br>PO Box 1270<br>Gulfport, MS 39503 | David V. Larosa, Sr<br>Tax Collector<br>PO Box 1270<br>Gulfport, MS 39503 | Real Estate Taxes | | 80,000.00 |
| Delta Sanitation<br>P.O. Box 669<br>Ocean Springs, MS 39566 | Delta Sanitation<br>P.O. Box 669<br>Ocean Springs, MS 39566 | Sanitation removal | | 101.60 |
| K D Pry's Heating & Cooling<br>PO Box 779<br>Pascagoula, MS 39568 | K D Pry's Heating & Cooling<br>PO Box 779<br>Pascagoula, MS 39568 | Repairs and maintenance | | 1,109.06 |
| Mississippi Power<br>PO Box 245<br>Birmingham, AL 35201 | Mississippi Power<br>PO Box 245<br>Birmingham, AL 35201 | Utilities | | 495.29 |
| Ocean Springs Locksmith<br>3920 Bienville Blvd<br>Ocean Springs, MS 39564 | Ocean Springs Locksmith<br>3920 Bienville Blvd<br>Ocean Springs, MS 39564 | Trade debt | | 105.93 |
| Premium Assignment Corporation<br>P.O. Box 3066<br>Tallahassee, FL 32315 | Premium Assignment Corporation<br>P.O. Box 3066<br>Tallahassee, FL 32315 | Trade debt | | 4,180.91 |
| Rain Residential<br>623 Washington Ave<br>Ocean Springs, MS 39564 | Rain Residential<br>623 Washington Ave<br>Ocean Springs, MS 39564 | Management Fees | | 5,906.40 |
| | | | | |
| | | | | |
| | | | | |

**B4 (Official Form 4) (12/07) - Cont.**

In re **Heritage Gables Associates I, LLC**      Case No. **10-23611**

         Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

     I, the Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date **August 5, 2010**      Signature **/s/ Mark Iannone**
                                                              **Mark Iannone**
                                                              **Member**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

**SCHEDULE II**

B6D (Official Form 6D) (12/07)

In re **Heritage Gables Associates I, LLC**, Case No. _____
　　　　　　　　　　　　　　　Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **8622438**<br><br>**Pike National Bank**<br>**Brookhaven/PO Box 1666**<br>**350 Rawls Drive**<br>**McComb, MS 39649-1666** | X | - | 6/25/2010<br><br>Mortgage<br><br>4001 32nd Avenue<br>Gulfport, MS 39503<br><br>Value $ 2,000,000.00 | | | | 1,425,000.00 | 0.00 |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

**0** continuation sheets attached

Subtotal (Total of this page) **1,425,000.00** **0.00**

Total (Report on Summary of Schedules) **1,425,000.00** **0.00**

**SCHEDULE III**

**Balance Sheet For Gables Apartments at 7-25-2010**

### ASSETS

**Short term Assets**

| | |
|---|---:|
| Regions Bank | 670 |
| Chase Manhattan | 600 |
| Estimated Receivables | - |
| **Total Short Term Assets** | **1,270** |

**Long Term Assets**

| | |
|---|---:|
| Building at Market | 2,000,000 |
| **Total Long Term Assets** | **2,000,000** |
| **Total Assets** | **2,001,270** |

### LIABILITIES

**Short term Liabilities (due within one year)**

| | |
|---|---:|
| Trade Payables for Month | 6,000 |
| Past Due Obligations | |
| Butler Snow | 3,400 |
| Rain Residential | 3,400 |
| City of Gulfport | 30,000 |
| **Total short term Liabilities** | **42,800** |

**Long Term Liabilities**

| | |
|---|---:|
| Mortgage Payable (Pike National) | 1,425,622 |
| Accrued and Unpaid interest | 60,000 |
| City of Gulfport | 40,000 |
| **Total Long Term Liabilities** | **1,525,622** |
| **Estimated Net Worth** | **475,648** |

**SCHEDULE IV**

# Gables Stabilized Forecast

| Total Number of Units | Name | | Type | Salable/Retable SF | Average Rent Per Unit | Price PSF | Total Monthly Rent\ | Total Annual Rent | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Keyes | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 2 | **Vacant** | | | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 3 | Kenan | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 4 | Lacy | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 5 | **Vacant** | | | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 6 | Walker | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 7 | Hayes | x | mkt | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 8 | Mecum | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 9 | **Vacant** | | | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 10 | **Vacant** | | | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 11 | Carter | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 12 | Faison | x | mkt | 1081 | $950.00 | $0.88 | $950 | $11,400 | LL res for Utilities |
| 13 | Burkes | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 14 | **Vacant** | | | 1081 | $800.00 | $0.74 | $800 | $9,600 | |
| 15 | **Vacant** | | | 1081 | $800.00 | $0.74 | $800 | $9,600 | |
| 16 | Wesley | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 17 | **Vacant** | | | 1081 | $800.00 | $0.74 | $800 | $9,600 | |
| 18 | Bouldin | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 19 | **Vacant** | | | 1081 | $800.00 | $0.74 | $800 | $9,600 | |
| 20 | Brown | x | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 21 | Hawthorne | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 22 | Holden | x | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| **22** | | | **Total** | **WAR** | | | **$17,520** | **$210,240** | |

## Stabilized

| | Annual | Monthly | Per Unit |
|---|---|---|---|
| Estimated gross Rents Units | 210,240 | 17,520 | |
| Retail Income (net) | 0 | 0 | |
| Total Revenue | 210,240 | 17,520 | |
| Vacancy and Collection Loss: | (21,024) | (1,752) | 10% |
| Effective Gross Income | 189,216 | 15,768 | |
| Operating expenses | | 0 | |
| Real Estate Taxes (1) | (18,000) | (1,500) | -818 |
| Insurance | (18,000) | (1,500) | 818 |
| Water and Sewer | (1,000) | (83) | 100 |
| Utilities | (2,640) | (220) | 100 |
| Rubbish Removal | (2,280) | (190) | 100 |
| Repairs and Mainitenance | (3,520) | (293) | 160 |
| Professional Fees | (2,200) | (183) | 100 |
| Micellaneous | (1,650) | (138) | 75 |
| Management Fees | (13,245) | (1,104) | 7.00% |
| **Total Operating** | **(62,535)** | **(5,211)** | **33%** |
| Net Operating Income | 126,681 | 10,557 | |
| Reserves for replacement | (5,500) | (458) | 250.00 |
| **Net CF Pre Debt Service** | **121,181** | **10,098** | |
| Debt Service (see Below) | 84,112 | 7,009 | |
| **Net CF Pre Debt Service** | **37,069** | **3,089** | |
| | | | |
| Estimated Value | 2,000,000 | | feb 2009 appraisal |
| Estimated Via Capitalization Rate | 1,731,155 | | |
| Cap Rate | 7.00% | | |
| Total Cost to construct | 1,850,000 | | |
| **Varience to Bank Debt** | **305,533** | | |
| | | | |
| Bank Proposed Modification | | | |
| | | | |
| Amount | 1,425,622 | | |
| Rate | 5.90% | | |
| Annual DS | 84,112 | | |
| Monthly DS | 7,009 | | |

## Loan Analysis

| | |
|---|---|
| **Lender HUD** | |
| Rate | 5.00% |
| Amort | 35 |
| Constant | 6.06% |
| DSC | 1.2 |
| Loan Amt | 1,667,435 |
| LTV | 83% |
| | |
| **Water Fall** | |
| Senior Loan | 1,425,622 |
| Mezzanine Loan | 0 |
| **Total Debt** | **1,425,622** |
| Varience | 241,813 |
| | |
| **Return on Outstanding Debt** | **-15.33%** |

(i) Property was decondominimized in 2009 Tax asser indicated that taxes would be reduced by 40 percent form High

**SCHEDULE V**

# Heritage Gables Associates, LLC
# Profit & Loss
### January through December 2009

|  | Jan - Dec 09 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| Rental Income | 139,624.60 |
| Security | -699.06 |
| **Total Income** | 138,925.54 |
| **Expense** | |
| Advertising and Promotion | 90.00 |
| Bank Service Charges | 109.00 |
| CAL R&M | 1,626.22 |
| City of Gulfport | 2,241.19 |
| Credit application | 950.00 |
| Depreciation Expense | 27,317.00 |
| Evictions | 284.00 |
| Filing Fees | 1,000.00 |
| Garbage disposal | 2,266.68 |
| **Insurance** | |
| General Liability | 375.29 |
| Life Insurance | 1,410.00 |
| Property | 9,006.86 |
| Insurance - Other | 14,024.47 |
| **Total Insurance** | 24,816.62 |
| Interest Expense | 3,221.38 |
| Landscaping | 3,000.00 |
| Late Fees | 214.45 |
| Management Fees | 4,818.75 |
| Mortgage Interest | 109,718.92 |
| MS Power Company | 877.36 |
| Office Supplies | 92.35 |
| Professional Fees | 8,930.87 |
| Repairs and Maintenance | 1,594.35 |
| Telephone Expense | 82.50 |
| **Utilities** | |
| Alarm | 966.83 |
| Electricity | 1,128.88 |
| **Total Utilities** | 2,095.71 |
| **Total Expense** | 195,347.35 |
| **Net Ordinary Income** | -56,421.81 |
| **Net Income** | -56,421.81 |

**SCHEDULE VI**

## Gables as is at June 2010

| Total Number of Units | Name | Type | Salable/Retable SF | Average Rent Per Unit | Price PSF | Total Monthly Rent\ | Total Annual Rent | Comments |
|---|---|---|---|---|---|---|---|---|
| 1 | Keyes | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 2 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 3 | Kenan | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 4 | Lacy | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 5 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 6 | Walker | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 7 | Hayes | mkt | 1081 | $700.00 | $0.65 | $700 | $8,400 | |
| 8 | Mecum | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 9 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 10 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 11 | Carter | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 12 | Faison | mkt | 1081 | $950.00 | $0.88 | $950 | $11,400 | LL res for Utilities |
| 13 | Burkes | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 14 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 15 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 16 | Wesley | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 17 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 18 | Bouldin | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 19 | **Vacant** | | 1081 | $0.00 | $0.00 | $0 | $0 | |
| 20 | Brown | sec-8 | 1081 | $950.00 | $0.88 | $950 | $11,400 | |
| 21 | Hawthorne | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| 22 | Holden | mkt | 1081 | $695.00 | $0.64 | $695 | $8,340 | |
| **22** | | **Total** | **WAR** | | | **$11,520** | **$138,240** | |

## AS IS AT 7-25-2010

| | Monthly | Per Unit |
|---|---|---|
| Estimated gross Rents Units | 11,520 | |
| Retail Income (net) | 0 | |
| Total Revenue | 11,520 | |
| Vacancy and Collection Loss: | 0 | 0% |
| Effective Gross Income | 11,520 | |
| **Operating expenses** | 0 | |
| Real Estate Taxes (1) | (1,500) | -818 |
| Insurance | (1,500) | 818 |
| Water and Sewer | (42) | 100 |
| Utilities | (220) | 100 |
| Rubbish Removal | (190) | 100 |
| Repairs and Mainitenance | (293) | 160 |
| Professional Fees | (183) | 100 |
| Micellaneous | (138) | 75 |
| Management Fees | (691) | 6.00% |
| **Total Operating** | (4,757) | 41% |
| Net Operating Income | **6,763** | |
| Reserves for replacement | 0 | 0.00 |
| **Net CF Pre Debt Service** | **6,763** | |
| Debt Service (see Below) | 7,009 | |
| **Net CF Pre Debt Service** | **(246)** | |

feb 2009 appraisal

(i) Property was decondominimized in 2009 Tax asser indicated that taxes would be reduced by 40 percent form High